[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12028

_____

D. C. Docket No. 08-21412-CV-JEM

ADA MAE RUTHLEDGE,

Plaintiff-Appellant,

versus

NCL (BAHAMAS) LTD., a foreign profit corporation,
d.b.a. NCL,
d.b.a. Norwegian Cruise Line,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2009)

Before WILSON and ANDERSON, Circuit Judges, and RESTANI,[*] Judge.

_____

    [*]     Honorable Jane A. Restani, Chief Judge, United States Court of International
Trade, sitting by designation.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be vacated and this case remanded for further proceedings. The district court granted the Defendant's[1] Motion to Dismiss with Prejudice based on its assumption that it was undisputed that the condition precedent in the passenger ticket contract (barring suit unless the Defendant was given written notice 185 days from the incident) was enforceable but was not satisfied. However, in the Federal Rule of Civil Procedure 12 posture of the case, the district court was obligated to accept as true the Plaintiff's allegation that "[a]ll conditions precedent to the bringing of this action . . . have been performed, excused or waived." Complaint at ¶ 8.

It is true that Defendant's Motion to Dismiss attached an affidavit asserting that Defendant did not receive written notice of Plaintiff's claim within 185 days. However, to the extent that the district court relied upon that affidavit, the court in effect converted the posture of the case to a summary judgment posture without giving the express 10 day notice required by the Rules and by <u>Jones v. Automobile Ins. Co. of Hartford, Conn.</u>, 917 F.2d 1528 (11th Cir. 1990).

Contrary to Defendant's argument, we cannot conclude that Plaintiff waived

---

[1] The Defendant is the cruise line on whose ship the Plaintiff was injured.

the 10 day notice required by <u>Jones</u>. Nor can we conclude that the district court's error is harmless. <u>See</u> <u>Property Management & Invs. v. Lewis</u>, 752 F.2d 599, 605 (11th Cir. 1985) (finding the error there harmless in that "unique case only because a careful review of the record persuades us that all of the parties were well aware that the judge was converting this 12(b)(6) motion and that the parties made all the arguments and submitted all the documents that they would have presented had they received the notice to which they were entitled").

Accordingly, the judgment of the district court is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.